IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES (CHAZ) CAPPS,

    *Plaintiff,*

vs.

    Case No. 24-1042-EFM-TJJ

MICHAEL CAPPS, et al.,

    *Defendants.*

## MEMORANDUM AND ORDER

This matter comes before the Court on the Government's Motion to Dismiss (Doc. 6). Plaintiff Charles Capps filed an Interpleader Action in the District Court of Sedgwick County, entitled *Charles (Chaz) Capps v. Michael Capps, the United States of America, & Security 1st Title LLC.*[1]  The Government subsequently removed the case to this Court on March 8, 2024.

This Interpleader Action is related to a criminal case, *United States v. Capps*,[2] and subsequent garnishment proceedings against Michael Capps (Charles's father).  The Government has a Writ of Garnishment as to funds in the amount of $74,573.37 held by Security 1st Title, LLC.

---

[1] Case No. SG-2024-CV-000357.

[2] Case No. 21-10073.

Charles alleges that he has a mechanic's lien for $50,000 of the escrow funds held by Security 1st, and he contends that Michael Capps is entitled to the remainder of the funds held by Security 1st.[3]

The Government seeks dismissal of the case arguing that (1) this case is duplicative of the pending litigation in the criminal case; (2) Charles fails to state a claim because the relief requested cannot be granted due to the Court's issuance of a Writ of Garnishment in the criminal case; and (3) Charles failed to serve process on the Government. Charles did not file a response, and thus the Government's Motion to Dismiss is unopposed.

The Government's first two assertions are valid,[4] and the Court recently adjudicated the garnishment issue in the criminal case.[5] Thus, because the Government's motion is unopposed, and the Government presents valid reasons for dismissal, the Court dismisses this case.

**IT IS THEREFORE ORDERED** that the Government's Motion to Dismiss (Doc. 6) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 5th day of November, 2024.

This case is closed.

*[signature]*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Charles takes a different position now in the criminal case, and he argues that the remainder of the funds should now go to his attorney and Duaglo, LLC. *See* Docs. 215, 217 in Case. No. 21-10073.

[4] The Court neither analyzed nor considered the Government's third assertion.

[5] On November 5, 2024, the Court found that Charles did not have a valid mechanic's lien or legal claim to the funds. *See* Doc. 229 in Case No. 21-10073.